UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| BRENDA ARLENE ROGERS, | ) |
| | ) |
| *Plaintiff*, | ) No. 4:20-cv-00008-TRM-SKL |
| | ) |
| v. | ) |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| *Defendant*. | ) |

**REPORT & RECOMMENDATION**

Before the Court is Plaintiff's motion for an award of attorney's fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) [Doc. 32].[1] Defendant filed a response stating that he has no objection to the award requested [Doc. 35].

In order to recover attorney's fees under the EAJA, five conditions must be met: (1) the plaintiff must be a prevailing party; (2) the application for attorney's fees, including an itemized justification for the amount requested, must be filed within 30 days of the final judgment in the action; (3) no special circumstances warranting denial of fees may exist; (4) the plaintiff must declare his or her net worth does not exceed two million dollars at the time the action was filed; and (5) the government's position must be without substantial justification. 28 U.S.C. § 2412(d);

---

[1] Plaintiff has also submitted an Attorney's Affirmation, billing ledgers, and Plaintiff's Affirmation and Waiver of Direct Payment of EAJA Fees [Doc. 33, Doc. 33-1 to 33-4, and Doc. 33-5], and a Memorandum in Support of Petition [Doc. 34]. By standing order, this matter is referred for a report and recommendation pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). *See In re: Referral of Social Security Cases*, SO-09-01 (Feb. 2009).

*see also Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 855 (6th Cir. 1997). I will consider each condition.

I conclude the first condition favors an award as Defendant does not contend that Plaintiff is not a prevailing party. *See Shalala v. Shaefer*, 509 U.S. 292, 302 (1993) ("A sentence-four remand, of course, is a judgment *for* the plaintiff."). As to the second condition, Defendant does not contend that Plaintiff's motion is untimely—even though the motion was filed a bit more than two months late—so I do not consider this condition unmet.[2] *See* Fed. R. App. P. 4(a)(1)(B), (a)(7); *Schaefer*, 509 U.S. at 298 (*quoting Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991)). Third, as Defendant bears the burden of proof to show his position was substantially justified, *Peck v. Comm'r of Soc. Sec.*, 165 F. App'x 443, 446 (6th Cir. 2006), and Defendant has declined to attempt any such showing, I conclude this condition favors an award. Fourth, Plaintiff asserts her net assets are worth less than $2,000,000 at the time the action was filed pursuant to 28 U.S.C. § 2412(d)(2)(B) [Doc. 33 at Page ID # 596 and Doc. 33-5], so this condition favors an award. Finally, in the absence of any opposition from Defendant, I find no special circumstances warrant denying fees.

Accordingly, I **CONCLUDE** Plaintiff is entitled to an unopposed award of a reasonable attorney's fee and expenses. *See* 28 U.S.C. § 2412(d)(2)(A) ("'fees and other expenses' includes . . . reasonable attorney fees").

---

[2] The Final Judgment in this matter was entered on February 8, 2021 [Doc. 31]. To be considered timely, Plaintiff's motion for an award of attorney's fees and expenses pursuant to the EAJA should have be filed no later than March 10, 2021, but was not filed until May 10, 2021. Plaintiff's motion and supporting documents do not address the late filing. Defendant, however, did not oppose Plaintiff's motion as being untimely, and expressly states he has no objection to an award of the requested fees and expenses [Doc. 35].

Plaintiff seeks an award of attorney's fees at an hourly rate of $191.24 for 21 hours of work performed in 2019 and 2020[3] and an award of paralegal fees at an hourly rate of $50.00 for 6.4 hours of paralegal work. Plaintiff further seeks $17.25 in expenses of litigation (certified mail expense) [Doc. 33-4]. I have considered the requested award in light of the applicable cost of living adjustments find the requested fees and expenses reasonable.

As such, I **CONCLUDE** that Plaintiff be awarded fees for 21 hours of attorney work and 6.4 hours of paralegal work plus $17.25 in expenses of litigation. Accordingly, I **RECOMMEND**[4] that Plaintiff's motion for attorney's fees and expenses under the EAJA [Doc. 32] be **GRANTED** to the extent that Plaintiff be awarded attorney's fees in the amount of $4,336.04 and expenses in the amount of $17.25 for a total of $4,353.29. In accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), I further **RECOMMEND** that the EAJA fee be payable to Plaintiff as it may be subject to an offset to satisfy a pre-existing debt that Plaintiff owes to the

---

[3] Counsel references work that was performed in 2019 and 2020 [Doc. 33 at Page ID # 597], but time sheets submitted as Exhibit A, Exhibit B, and Exhibit C reflect all time in this matter was performed in 2020 and 2021 with no time listed as being performed in 2019 [Doc. 33-1, Doc. 33-2, and Doc. 33-3]. Counsel for Plaintiff avers she has "extensive experience" and will forego "extended argument" to lessen attorney fees at this phase of the litigation unless Defendant objects to the hourly rate, [and] then Plaintiff could supplement argument and affidavits attesting that the hourly rate is reasonable and customary among within this District [Doc. 33 at Page ID # 597]. Defendant did not object to the hourly rate.

[4] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

United States and it should be left to the United States to determine whether to honor any assignment of fees by Plaintiff to her attorney.[5]

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[5] Plaintiff's requests that the award be payable to Plaintiff, that the check be delivered to Plaintiff's counsel, and that an assignment of EAJA fees be accepted so that the award may be paid directly to Plaintiff's counsel if the United States determines that Plaintiff owes no debt subject to an offset [Doc. 33 at Page ID # 598 & Doc. 33-5]. The Court is unaware of whether Plaintiff owes the United States a debt, and the United States, not the Court, determines whether such a debt is owed. In light of the Supreme Court's ruling in *Ratliff*, the EAJA award should be to the Plaintiff (and not to Plaintiff's counsel) because the award is subject to any debt owed by Plaintiff under the Treasury Offset Program. *See* 560 U.S. at 591; 31 U.S.C. § 3716.